# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TERESITA A. CANUTO**, <br><br> Plaintiff, <br><br> v. <br><br> **PFIZER CORPORATE OFFICE,** *et al.*, <br><br> Defendants. | Case No. 18-cv-1570 (CRC) |

## MEMORANDUM OPINION

*Pro se* plaintiff Teresita Canuto brings this breach of warranty action against five vaccine manufacturers including Pfizer (collectively, "vaccine defendants"), the Attorney General of the United States, and the "Executive Department of the United States" for injuries she alleges her son suffered from allergic reactions to vaccines administered January 2001 through October 2005. Compl., ECF No. 1, at 5, 8. She alleges that the vaccine defendants failed to warn (by warranty or otherwise) that their respective vaccines were not safe for an infant with O1 or O+ blood types, that her son had allergic reactions to the vaccines, and that he suffered encephalitis and Autism Spectrum Disorder ("ASD") as a result. Id. at 5, 11, 40, 43. She also alleges general "negligence of the Executive Department." Id. at 8, 10. Canuto seeks $20 million in damages per vaccine, totaling $480 million for 24 allegedly defective vaccines, $20 million in damages for negligence by the Executive Department, and $600 million in punitive damages against the vaccine defendants. Id. at 5.

Pfizer has moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Def. Pfizer's Mot. Dismiss ("MTD"), ECF No. 11. The Court granted the remaining vaccine defendants' request for an extension of time to respond to the complaint

pending resolution of Pfizer's motion, which, if granted, would result in dismissal of Canuto's claims against all vaccine defendants. See Aug. 24, 2018 Minute Order. The Court will grant Pfizer's motion because it lacks jurisdiction to consider Canuto's claims arising from her son's vaccine-related injuries due to Canuto's failure to properly exhaust her administrative remedies under the National Childhood Vaccine Injury Act ("Vaccine Act"), 42 U.S.C. §§ 300aa-1, et seq.

The Vaccine Act creates a no-fault compensation program that allows swift compensation for victims of vaccine-related injuries while protecting the nation's vaccine industry from the costs and risks associated with traditional tort actions. See Bruesewitz v. Wyeth LLC, 562 U.S. 223, 228 (2011). The Act requires that a person claiming a vaccine-related injury, or their legal guardian, first seek redress through the Vaccine Act in the United States Court of Claims. 42 U.S.C. § 300aa-12. Upon entry of judgment, "a claimant has two options: to accept the court's judgment and forgo a traditional tort suit for damages, or to reject the judgment and seek tort relief from the vaccine manufacturer." Bruesewitz, 562 U.S. at 228 (citing 42 U.S.C. § 300aa-21(a)(2)). If neither option is selected within 90 days of the final judgment, the claimant "shall be deemed to have filed an election to accept the judgment of the court." 42 U.S.C. § 300aa-21(a). Critically here, the Vaccine Act bars civil litigation by those claimants that do not so elect under section 21(a). Id. § 300aa-11(a)(2)(A). "If a civil action which is barred under [42 U.S.C. § 300aa-11(a)(2)(A)] is filed in a State or Federal court, the court shall dismiss the action." Id. § 300aa-11(a)(2)(B).

That is what the Court must do here. Canuto originally sought compensation for her son's alleged vaccine-related injuries under the Vaccine Act in 2004, and her petition was ultimately denied. See Canuto v. Sec'y of Health & Human Servs., 660 F. App'x 955, 956, 959 (Fed. Cir. 2016) (per curiam), cert. denied sub nom., Canuto v. Price, 137 S. Ct. 2221 (2017).

2

The Court of Federal Claims entered final judgment on June 2, 2017. See MTD Ex. D (Court of Claims docket), ECF No. 11-5, at 11 (entry no. 93). In order to pursue her claims against the vaccine defendants in federal court, Canuto was required to file a timely written election under § 300aa-21(a). She fails to provide any evidence that she did so[1] and the docket confirms that Canuto must be deemed to have accepted the judgment of the Vaccine Court under § 300aa-21(a). As such, she is barred from pursuing a civil action against the vaccine defendants under § 300aa-11(a)(2)(A). Accordingly, the Court "shall dismiss the action" against Pfizer. Id. § 300aa-11(a)(2)(B). An order accompanies this Memorandum Opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: September 27, 2018

---

[1] Canuto's opposition to the motion to dismiss fails to address Pfizer's exhaustion and jurisdictional arguments and instead focuses on irrelevant matters, such as the Foreign Sovereign Immunities Act and preemption. See Pl.'s Opp'n MTD, ECF No. 16, at 3–6.