# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| **TERESITA A. CANUTO**, <br><br>    Plaintiff, <br><br>    v. <br><br> **GLAXOSMITHKLINE,** *et al.*, <br><br>    Defendants. | Case No. 18-cv-1570 (CRC) |

## MEMORANDUM OPINION

*Pro se* plaintiff Teresita Canuto brings this action against five vaccine manufacturers (collectively, "vaccine defendants"), and the Attorney General of the United States and the "Executive Department of the United States" (collectively, "federal defendants") for injuries she alleges her then-infant son suffered from allergic reactions to vaccines administered January 2001 through October 2005. Compl., ECF No. 1, at 5, 8. She alleges that the vaccine defendants failed to warn that their respective vaccines were not safe for infants with particular blood types, that her son had allergic reactions to the vaccines, and that he suffered encephalitis and Autism Spectrum Disorder as a result. Id. at 5, 11, 40, 43. She also alleges general "negligence of the Executive Department." Id. at 8, 10.

The Court granted defendant Pfizer's motion to dismiss for lack of jurisdiction on September 27, 2018. See Order, ECF No. 29; Mem. Op., ECF No. 30. After that order and two extensions, the federal defendants moved to dismiss for lack of jurisdiction. See Federal Defs.' Mot. Dismiss ("MTD"), ECF No. 32. That motion is fully briefed and ripe for review. For the reasons that follow, the Court will grant the federal defendants' motion to dismiss.

As the Court explained in its recent memorandum opinion, the National Childhood Vaccine Injury Act ("Vaccine Act"), 42 U.S.C. §§ 300aa-1, et seq., created a no-fault

compensation program for vaccine-related injuries.  Mem. Op. at 2 (citing Bruesewitz v. Wyeth LLC, 562 U.S. 223, 228 (2011)).  As the Court found, Ms. Canuto had two options after she received the Federal Circuit's decision denying relief under the Act: accept the judgment or reject it by filing a tort claim in federal or state court.  Id. at 2–3.  By not filing a civil action within 90 days, Ms. Canuto was "deemed to have filed an election to accept the judgment of the court."  42 U.S.C. § 300aa-21(a).  The Vaccine Act bars civil litigation by claimants who accept the judgment of the court.  Id. § 300aa-11(a)(2)(A).  Accordingly, under § 300aa-11(a)(2)(B), the Court was required to dismiss the action against Pfizer for lack of jurisdiction.[1]

The Court sees no reason why the same is not also true with respect to the federal defendants, and Ms. Canuto fails to provide one.  Instead, she suggests that she did in fact timely reject the judgment of the Federal Circuit.  She explains that she "used the 90 days of the final judgment of the Federal Circuit (42 U.S.C. & 300aa-21(a)) in filing a Writ of Certiorari to the Supreme Court (Supreme Court Case No. 16-1222) but the petition was denied on June 5, 2017."  Pl.'s Opp'n to Federal Defs.' MTD, ECF No. 37, at 10–11.  Only after the Supreme Court denied her petition for certiorari did Ms. Canuto file this action.  The Court interprets this argument to be that Ms. Canuto functionally rejected the judgment of the Federal Circuit by seeking review of that judgment in the Supreme Court.  That, however, was not enough to comply with the clear requirements of § 300aa-21.  Under that section, Ms. Canuto was required to file with the clerk of the United States Court of Federal Claims "an election in writing . . . to file a civil action for

---

[1] The Court has not resolved the action against the remaining vaccine manufacturers because the Court granted those defendants an extension to respond to Ms. Canuto's complaint within 30 days of its resolution of Pfizer's motion to dismiss.  See Aug. 24, 2018 Minute Order.  The remaining manufacturers filed their joint motion to dismiss on October 11, 2018, see ECF No. 38, but that motion is not yet ripe for review.

damages" in order to then proceed in state or federal court. 42 U.S.C. § 300aa-21; id. §§ 300aa-11(a)(2)(A) & (B).  Under the plain language of the statute, Ms. Canuto could not have satisfied the requirement that she file this election with the clerk of the Court of Federal Claims by filing a petition for certiorari with the Supreme Court.

Accordingly, the Court will grant the federal defendants' motion to dismiss for lack of jurisdiction pursuant to 42 U.S.C. § 300aa-11(a)(2)(B).  The Court will therefore also dismiss Ms. Canuto's motion to compel discovery by the federal defendants.  See ECF No. 42.  Finally, the Court will deny Ms. Canuto's three pending motions for default judgment against the two federal defendants and United States Attorney Jessie Liu.  See ECF Nos. 25–27.  As is evident from the electronic docket in this case, the federal defendants received two extensions from the Court and then timely responded to Ms. Canuto's complaint.  See Sept. 18, 2018 Minute Order; Sept. 28, 2018 Minute Order. The federal defendants are thus not in default.

An order accompanies this Memorandum Opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date:  October 22, 2018