# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TERESITA A. CANUTO**, <br><br> Plaintiff, <br><br> v. <br><br> **GLAXOSMITHKLINE,** *et al.*, <br><br> Defendants. | Case No. 18-cv-1570 (CRC) |

## MEMORANDUM OPINION

*Pro se* plaintiff Teresita Canuto brings this action against five vaccine manufacturers and various federal defendants for injuries she alleges her then-infant son suffered from allergic reactions to vaccines administered January 2001 through October 2005. Compl., ECF No. 1, at 5, 8. The Court has granted defendant Pfizer's motion to dismiss for lack of jurisdiction, see Order, ECF No. 29; Pfizer Def. Mem. Op., ECF No. 30, and the federal defendants' motion to dismiss for lack of jurisdiction, see Order, ECF 44; Fed. Defs. Mem. Op., ECF No. 45. The Court previously granted the remaining vaccine defendants' request for an extension of time to respond to the complaint pending resolution of Pfizer's motion. See Aug. 24, 2018 Minute Order. The remaining defendants have now moved to dismiss the complaint for lack of jurisdiction for the same reasons as the now-terminated defendants, which Ms. Canuto has opposed. See Defs.' Mot. Dismiss, ECF No. 38; Pl.'s Open Letter, ECF No. 47.

The Court will grant the remaining vaccine defendants' motion to dismiss. As explained in the two previous memorandum opinions, see ECF Nos. 30 & 45, Ms. Canuto's failure to file with the Clerk of the Court of Federal Claims a timely written election to proceed with a civil action requires the Court to dismiss this action. See 42 U.S.C. § 300aa-21(a); id. § 300aa-11(a)(2)(B).

Before the Court is also Ms. Canuto's "Open Letter to the Court," which the Court construes as both a motion for reconsideration of the dismissal orders and a further response to the remaining vaccine defendants' motion to dismiss.  See Pl.'s Open Letter.  In her letter, Ms. Canuto explains that she believed she had rejected the judgment of the Federal Circuit by filing a petition for writ of certiorari with the United States Supreme Court.  Id. at 1–2.  To the extent she relies on this explanation to seek reconsideration of the Court's previous orders dismissing Pfizer and the federal defendants, the motion is denied.  Ms. Canuto advanced similar arguments in her response to the federal defendants' motion to dismiss, see Pl.'s Opp'n to Fed. Defs.' MTD, ECF No. 37, at 10–11, which the Court considered in reaching its decision to dismiss the federal defendants, see Fed. Defs. Mem. Op. at 2–3.  In the letter, Ms. Canuto also explains that she was *pro se* before the Court of Federal Claims and Federal Circuit and was not informed by the Clerk of the Court of Federal Claims that she was required to file a written letter in order to reject the judgment of that court.  Pl.'s Open Letter at 1–2.  To the extent she seeks equitable relief from the election requirements of the Vaccine Act in response to the remaining vaccine defendants' motion to dismiss, the Court "has no authority to create equitable exceptions to jurisdictional requirements" such as 42 U.S.C. § 300aa-11(a)(2)(B), no matter how unfortunate the outcome. See Bowles v. Russell, 551 U.S. 205, 214 (2007).

An order accompanies this Memorandum Opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date:  October 31, 2018